FILED'09 JUN 11 10:35USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARBARA K. PARMENTER, BARBARA K. PARMENTER, TRUSTEE of the BARBARA K. PARMENTER LIVING TRUST,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF LOWELL, OREGON, TIMOTHY YAGER, the ESTATE OF RICHARD GOLDSBERRY, CAROL GOLDSBERRY, LARRY PRISER, PAM PRISER, CHARLES SPIES, AMERICAN FAMILY INSURANCE, AMERICAN FAMILY INSURANCE AGENT TY T. LOCKARD,<br><br>   Defendants. | Civ. No.  09-6038-AA<br><br>OPINION AND ORDER AND NOTICE OF RULE 56 STANDARDS |

AIKEN, Chief Judge:

  Plaintiff filed suit seeking a "Declaration of Rights" and "Compensation" arising from two land use permits and alleged damage to her real property. Defendants Larry Priser, Pam Priser, American Family Insurance and Ty T. Lockard move to dismiss

1   - OPINION AND ORDER AND NOTICE OF RULE 56 STANDARDS

plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(1),(6). Additionally, defendants City of Lowell and Charles Spies move for summary judgment on all claims. Fed. R. Civ. P. 56. The motions to dismiss are granted and the motion for summary judgment is continued to notify plaintiff of applicable summary judgment standards.

A. Motions to Dismiss

Defendants Pam Priser and Larry Priser move for dismissal of plaintiff's claims, arguing that the court lacks subject matter jurisdiction over her claims against them, that plaintiff fails to state a claim, and that plaintiff's property claims were settled in a separate state law case. Similarly, defendants American Family Insurance and Ty T. Lockard argue that plaintiff fails to establish subject matter jurisdiction or state a claim.

Generally, to file suit in federal court, a plaintiff must allege either: 1) diverse citizenship of the parties and an amount in controversy exceeding $75,000, or 2) a violation of federal law. 28 U.S.C. §§ 1331, 1332(a). Here, plaintiff fails to allege or otherwise plead diverse citizenship; i.e., that plaintiff and each of the named defendants are citizens of different states. Rather, plaintiff alleges that she and the named individual defendants reside in Oregon. Therefore, plaintiff cannot rely on diversity jurisdiction.

2    - OPINION AND ORDER AND NOTICE OF RULE 56 STANDARDS

Further, plaintiff does not allege federal law claims against Pam Priser, Larry Priser, American Family Insurance, or Ty T. Lockard. With respect to the Prisers, plaintiff alleges various property disputes regarding an easement and the Prisers' alleged excavation of soil and removal of retaining walls. Complaint, ¶¶ 31, 40-41, 50, 54, 57. However, run-of-the-mill property disputes between neighbors, such as those alleged against the Prisers, are not claims arising under federal law. The same is true of plaintiff's claims against defendants Timothy Yager, Estate of Richard Goldsberry, and Carol Goldsberry. All involve similar property disputes and none invoke federal court jurisdiction. Complaint, ¶¶ 15-16, 20-25, 30-33, 40-42, 50, 52, 57. With respect to American Family Insurance and Ty T. Lockard, plaintiff alleges only that American Family Insurance and agent Ty T. Lockard denied coverage for plaintiff's damages claim relating to the removal of vegetation and soil on plaintiff's property. This also is a state law breach of contract claim that does not arise under federal law.[1]

Absent a federal question, plaintiff must rely on supplemental jurisdiction to invoke this court's authority. 28 U.S.C. § 1367. Supplemental jurisdiction allows a federal district court to exercise jurisdiction over non-federal claims if they are

---

[1] Although not necessary to resolve these motions, I agree with American Family Insurance and Lockard that plaintiff fails to state a sufficient breach of contract claim against them.

3    - OPINION AND ORDER AND NOTICE OF RULE 56 STANDARDS

substantially related to a federal claim asserted in the same case. Even if the federal and non-federal claims are substantially related, however, the court may decline to exercise jurisdiction. See id. § 1367(c) (stating reasons district courts may decline jurisdiction).

Here, plaintiff alleges due process violations against the City arising from the issuance of a residential building permit and an application for a conditional use permit to operate a bed and breakfast on plaintiff's property.[2]  Complaint, ¶¶ 12, 14-19. Plaintiff's federal constitutional claims are not substantially related to here neighborhood property disputes so as to become part of the same case or controversy to permit the exercise of supplemental jurisdiction. 28 U.S.C. § 1367(a). Regardless, given the nature of plaintiff's claims, I would decline to exercise jurisdiction in any event. Id. § 1367(c).

Accordingly, Pam Priser's, Larry Priser's and American Family Insurance and Ty T. Lockard's Motions to Dismiss are granted. For the same reasons, the court *sua sponte* dismisses plaintiff's claims against defendants Timothy Yager, Estate of Richard Goldsberry, and Carol Goldsberry.

---

[2]Plaintiff also purports to assert claims under the Americans With Disabilities Act (ADA) and requests triple damages. However, plaintiff does not allege a violation of the ADA nor can such a claim be reasonably inferred from the substance of her complaint, and therefore plaintiff cannot seek damages pursuant to the ADA.

4    - OPINION AND ORDER AND NOTICE OF RULE 56 STANDARDS

B.  Motion for Summary Judgment

Defendants City of Lowell and Charles Spies move for summary judgment on plaintiff's due process claim asserted under 42 U.S.C. § 1983. The City and Spies argue that plaintiff's claims are barred by the applicable statute of limitations, fail to establish subject matter jurisdiction, seek unrecoverable damages, and fail to establish a genuine issue of fact to preclude summary judgment.

If summary judgment is sought against claims brought by a *pro se* plaintiff, the court must notify the plaintiff of relevant summary judgment standards under Federal Rule of Procedure 56. Accordingly, before considering the City of Lowell and Charles Spies' motion for summary judgment, plaintiff is so advised.

**NOTICE TO PLAINTIFF - WARNING**

*This Notice is Required to be Given*

*to You by the Court*

A motion for summary judgment filed under Rule 56 of the Federal Rules of Civil Procedure will, if granted against you, end your case.

Rule 56 tells you what you must do in order to seek or oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact. In other words, if there is no real dispute about any fact that would affect the result of your case, the party who requests summary judgment is entitled to judgment as a matter of law, which will end your case.

5    - OPINION AND ORDER AND NOTICE OF RULE 56 STANDARDS

When a party you are suing files a motion for summary judgment you cannot simply rely on what your complaint says. Instead, you must set forth specific facts that support your claims through evidence such as declarations, depositions, answers to interrogatories, or authenticated documents as provided in Rule 56(e). Such evidence must contradict the facts shown in the defendant's declarations and documents and show there is a genuine issue of material fact for trial. If you do not submit your own evidence in opp0osition to a defendant's motion, summary judgment may be entered against you. If the defendant's motion for summary judgment is granted against you, your case will be dismissed and there will be no trial.

Local Rule 56.1 of the District Court of Oregon also requires that you provide a response to the defendants' separate concise statements of fact that responds to each numbered paragraph by: 1) accepting or denying each fact contained in defendants' concise statement; or 2) articulating opposition to defendants' contention or interpretation of the undisputed material fact.

Importantly, the facts set forth in defendants' concise statement will be deemed admitted unless specifically denied, or otherwise controverted by you. After responding to defendants' numbered paragraphs, you may then set forth other relevant material facts that are at issue or otherwise necessary for the court to resolve the motion for summary judgment.

6   - OPINION AND ORDER AND NOTICE OF RULE 56 STANDARDS

CONCLUSION

Plaintiff fails to establish supplemental jurisdiction over her alleged state law claims, and the court would decline to exercise such jurisdiction. Accordingly, defendants' Motions to Dismiss (docs. 6, 8, 18) are GRANTED and plaintiff's claims against defendants Pam Priser, Larry Priser, American Family Insurance, and American Family Insurance Agent Ty T. Lockard are DISMISSED. Further, plaintiff's claims against defendant Timothy Yager, the Estate of Richard Goldsberry, and Carol Goldsberry are DISMISSED.

**Plaintiff shall file a response to defendants City of Lowell and Charles Spies' Motion for Summary Judgment within thirty (30) days from the date of this order. Failure to follow the court's order and file a response may result in the granting of defendants' motion for summary judgment.** The City of Lowell's and Charles Spies' Motion for Summary Judgment (doc. 21) is taken under advisement as of July 27, 2009.

IT IS SO ORDERED.

Dated this 9 day of June, 2009.

_____
Ann Aiken
United States Chief District Judge