IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARBARA K. PARMENTER, BARBARA K. PARMENTER, TRUSTEE of the BARBARA K. PARMENTER LIVING TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LOWELL, OREGON, TIMOTHY YAGER, the ESTATE OF RICHARD GOLDSBERRY, CAROL GOLDSBERRY, LARRY PRISER, PAM PRISER, CHARLES SPIES, AMERICAN FAMILY INSURANCE, AMERICAN FAMILY INSURANCE AGENT TY T. LOCKARD,<br><br>    Defendants. | Civ. No.  09-6038-AA<br><br>OPINION AND ORDER |

AIKEN, Chief Judge:

    Plaintiff filed suit seeking a "Declaration of Rights" and "Compensation" arising from two land use permits and alleged damage to her real property. Defendants City of Lowell and Charles Spies move for summary judgment on all claims. Fed. R. Civ. P. 56. The

1    - OPINION AND ORDER

court provided plaintiff with notice regarding Rule 56 standards and granted plaintiff several extensions of time in which to respond. Plaintiff was required to respond to defendants' motion on or before February 12, 2010, and plaintiff has not responded. Upon review of defendants' submissions, their motion is granted.[1]

Plaintiff alleges due process violations against the City and Spies under 42 U.S.C. § 1983. Plaintiff's claims arise from building permit requirements, the City's denial of a conditional use permit to operate a bed and breakfast, and other actions associated with plaintiff's property.[2] Complaint, ¶¶ 12, 14-19, 38-40, 44-46. The City and Spies argue that plaintiff's claims are barred by the applicable statute of limitations, seek unrecoverable damages, and fail to establish a genuine issue of fact to preclude summary judgment. I agree.

A two-year statute of limitations applies to plaintiff's due process claims. See Sain v. City of Bend, 309 F.3d 1045, 1058 (9th Cir. 2002) (Oregon's two-year statute of limitations for personal injury actions applies to § 1983 claims); see also Or. Rev. Stat.

---

[1] On June 9, 2009, the court issued an Opinion and Order dismissing plaintiff's claims against defendants Timothy Yager, Estate of Richard Goldsberry, Carol Goldsberry, Larry Priser, Pam Priser, American Family Insurance, and Ty Lockard.

[2] Plaintiff also purports to assert claims under the Americans With Disabilities Act (ADA). However, plaintiff does not allege a violation of the ADA nor can such a claim be reasonably inferred from the substance of her complaint, and therefore plaintiff cannot seek damages pursuant to the ADA.

2   - OPINION AND ORDER

§ 12.110(1). Plaintiff filed suit on February 5, 2009; therefore, the factual basis of plaintiff's claim must have occurred within two years prior to that date, or February 5, 2007. Plaintiff alleges that the City imposed additional requirements when she rebuilt her home in 2000 and 2001. Complaint, ¶ 14. Further, the evidence shows that plaintiff was aware that the City denied her conditional use permit, and of the reasons for its denial, in July 2005. Therefore, plaintiff's due process claims with respect to the building and conditional use permits are time-barred.

Plaintiff also alleges due process claims against defendants related to Spies' actions involving an easement dispute between plaintiff and her neighbors. Plaintiff alleges that Spies approved certain actions to be taken that affected her property without given her notice or an opportunity to be heard. However, plaintiff fails to provide any factual evidence to support this allegation. Moreover, plaintiff's easement dispute with her neighbors was settled in a state court action, and whether the alleged actions approved by Spies complied with that agreement is within the sole discretion of the state court judge who presided over the settlement.

Finally, plaintiff complains about a notice of violation sent by Spies in October 2007, informing plaintiff that the City had received reports of temporary or transient lodging at plaintiff's residence, confirmed by an advertising website, in violation of

3   - OPINION AND ORDER

City codes. Plaintiff fails to allege that she was denied notice or opportunity to be heard regarding this alleged code violation, and plaintiff further fails to present evidence that such notice was erroneous. In sum, plaintiff fails to allege or establish a violation of her due process rights.

## CONCLUSION

Defendants' Motion for Summary Judgment (doc. 21) is GRANTED. Pursuant to this Opinion and Order and that dated June 9, 2009, judgment shall issue in favor of defendants.

IT IS SO ORDERED.

Dated this 30 day of March, 2010.

_____
Ann Aiken
Chief United States District Judge

4    - OPINION AND ORDER